Filed 9/14/20  In re R.G. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>R.G.,<br><br>      Defendant and Appellant. | F081042<br><br>(Super. Ct. No. JW138848-01)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from an order of the Superior Court of Kern County.  Lorna H. Brumfield, Judge.

Roshni Mehta, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P.J., Snauffer, J. and DeSantos, J.

Minor R.G. appeals from the findings and orders made at the April 8, 2020 dispositional hearing on a Welfare and Institutions Code[1] section 602 petition. Appointed counsel for minor asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Minor was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from minor. Finding no arguable error that would result in a disposition more favorable to minor, we affirm.

## BACKGROUND

On November 5, 2018, the Kern County District Attorney filed a section 602 petition, alleging minor used unlawful force or violence on another person, a misdemeanor violation of Penal Code section 243, subdivision (a). The petition arose after minor's nine-year-old brother arrived at school with marks on his body and reported that minor, who was then 11 years old, choked and beat him, then threatened to kill him.[2] The petition was dismissed without prejudice the next day.

On January 17, 2020, the Kern County District Attorney filed the section 602 petition at issue in this appeal, alleging in a single count that minor falsely represented himself as another person to a police officer, a misdemeanor violation of Penal Code section 148.9, subdivision (a). The petition arose out of a November 2, 2019 incident, in which Delano Police Department officers stopped a vehicle with tinted windows and therein contacted four individuals, including minor.[3] Minor initially identified himself by a false name but, upon further questioning, gave his real name and was identified as a

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2]    This summary is taken from the probation department's detention report.

[3]    This summary is taken from the probation report.

missing person. The three other individuals in the car were active gang members. Two of the three were on juvenile probation and were not permitted to associate with other active gang members. Minor was transported to juvenile hall and detained. The following day, he was released to his grandmother, with whom he was living.[4]

On January 22, 2020, minor's grandmother informed the probation department that minor ran away on January 17, 2020. Minor did not appear at a scheduled February 3, 2020 hearing, and a bench warrant was issued for his arrest. On February 7, 2020, probation officers conducted a home call at a residence out of minor's residential area, and minor was apprehended while running from the home. He was detained pending further proceedings.

A jurisdictional hearing was held on March 6, 2020. Minor waived his constitutional rights and admitted count 1 of the January 17, 2020 petition.

A dispositional hearing was scheduled for March 18, 2020, but was continued because of the COVID-19 pandemic. The hearing was ultimately held on April 8, 2020. Minor appeared in person, and his counsel appeared telephonically. Minor's grandmother did not appear, but counsel stipulated that minor's grandmother would testify that her temporary guardianship was extended to October 25, 2020, and that she anticipated establishing guardianship on that date. After hearing argument, the court determined returning minor to his grandmother's custody was contrary to minor's welfare. The court noted that minor had a long history of noncompliance with his grandmother, that his behavior had not improved, and that probation would work to return minor to his grandmother's custody, if appropriate. Accordingly, the court adjudged minor a ward of the court, granted him probation, placed him in the care and

---

[4]     Minor's grandmother reported that minor's mother was living in Mexico, and his father's whereabouts were unknown. His grandmother was granted temporary guardianship of minor, and was, at the time of these proceedings, in the process of becoming minor's legal guardian.

custody of the probation department, and ordered him to remain in juvenile hall pending placement.

Minor timely appealed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to minor.

## DISPOSITION

The dispositional order is affirmed.